UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOCAL 589, AMALGAMATED TRANSIT UNION et al., | * * * |
| Plaintiffs, | * * |
| v. | * Civil Action No. 16-cv-12488-ADB |
| MBTA, | * * * |
| Defendant. | * * |

## **MEMORANDUM AND ORDER**

BURROUGHS, D.J.

      Plaintiffs, who are bus, trolley, light rail, and rapid transit operators represented by Local 589, reached a settlement in this long-running class action against the Massachusetts Bay Transit Authority ("MBTA"). See [ECF No. 38-1]. A disagreement then emerged over how unclaimed settlement funds associated with class members who did not respond to the settlement notification should be allocated. Plaintiffs contend that the percentages of the settlement fund set to be allocated to individual class members pursuant to filings submitted to the Court, see [ECF No. 38-2], should be recalculated such that the full $3 million settlement, less attorneys' fees and other approved expenses, is distributed to Settlement Class Members. The MBTA argues that the Settlement Agreement calls for unclaimed funds that are not associated with individuals who affirmatively "opted out" to revert to the MBTA. As explained during the January 10, 2019 Final Class Settlement Approval Hearing, the Court agrees with the MBTA's interpretation of the Settlement Agreement.

      The parties' dispute turns on the meaning of paragraphs 23 and 42 of the Settlement Agreement. Paragraph 23 states:

> The Net Settlement Fund shall be paid to Participating Class Members in accordance with the percentages shown on Exhibit A hereto. In the event that any of the individuals listed on Exhibit A should opt out of the settlement, the Settlement Administrator shall recalculate the percentages shown on Exhibit A with those individuals excluded.

Paragraph 42 states:

> If there remains any residual from the Net Settlement Fund after all payments are made under this Settlement, including because settlement checks are not cashed within ninety (90) calendar days after issuance, the residual will be returned to the MBTA.

As seven individuals responded to the settlement notice by opting out, paragraph 23 unambiguously requires the Settlement Administrator to recalculate the percentages shown in Exhibit A, [ECF No. 38-2], and to apportion the percentages of the settlement fund that would have been paid to those individuals to Participating Class Members. Paragraph 23 does not suggest, however, that unclaimed settlement funds associated with class members who did not respond should be reallocated. Paragraph 42 calls for the return of residual funds to the MBTA, which will include unclaimed funds.

Plaintiffs make five arguments that the unclaimed funds should be reallocated, all of which the Court finds unavailing. See [ECF No. 44 at 3–5]. First, Plaintiffs argue that the Settlement Agreement does not define the status of class members who did not respond to the settlement notification and that they should therefore be treated as having opted out. But as is clear from the notice, putative class members who opted out have a different status than class members who did not respond: individuals who opted out did not release their claims, while class members who did not respond are "deemed by the Court to have fully and irrevocably released and waived any and all Released Claims." [ECF No. 38-3 at 3]. Second, Plaintiffs argue that the settlement is not premised on the adequacy of the separate, specific damage amounts sent to claimants but on an overall amount of recovery of $3 million. Plaintiffs nonetheless agree that

2

the settlement is fair and adequate, even under the Court's and the MBTA's interpretation of the Settlement Agreement, and Plaintiffs' second argument fails to account for the reversion provision in paragraph 42 which, even under Plaintiffs' interpretation, has the potential to reduce the overall recovery to an amount less than $3 million. Third, Plaintiffs argue that, during the drafting process, they made their opposition to reversion of excess or unclaimed funds clear. That argument is insufficient to overcome the clear language of the Settlement Agreement, particularly considering that the Settlement Agreement contains an integration clause. See [ECF No. 38-1 ¶ 48]. Fourth, Plaintiffs argue that paragraph 42 applies only to funds that are distributed via checks that go uncashed. Paragraph 42 is clear that the "residual" includes funds from checks that are not cashed, but that it is not limited to those funds. Fifth, Plaintiffs argue that a recalculation is straightforward and fair, but that argument has no bearing on whether the recalculation that Plaintiffs advocate is consistent with the Settlement Agreement.

Therefore, and for the reasons explained in court, the parties' dispute over the allocation of unclaimed funds is resolved in favor of the MBTA. ECF No. 45 is GRANTED and ECF No. 44 is DENIED IN PART. The parties shall file a proposed order of final approval of the class settlement consistent with the Court's direction during the January 10 conference.

**SO ORDERED.**

January 11, 2019 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE